IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GERARDO LUIS RODRIGUEZ RAMOS, BOP Reg. # 09407-069, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| Movant, | : : | |
| v. | : : | CRIMINAL ACTION NO. 1:97-CR-128-SDG-AJB-1 |
| | : | |
| UNITED STATES OF AMERICA, Respondent. | : : | CIVIL ACTION NO. 1:21-CV-4175-SDG-AJB |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Gerardo Luis Rodriguez Ramos, confined in the Butner Low Federal Correctional Institution in Butner, North Carolina, submitted a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [Doc. 101.][1] The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:97-cr-128-SDG-AJB-1.

I.     **Discussion**

Movant was convicted of armed carjacking in the District of Puerto Rico in 1994 and sentenced to 420 months of imprisonment. [Doc. 97 at 2.] Movant was thereafter housed in the United States Penitentiary in Atlanta, Georgia, where he "set fire to a prison cell." [*Id.*] On August 11, 1997, Movant pleaded guilty to arson, in violation of 18 U.S.C. § 81, and received a consecutive sentence of sixty-three months of imprisonment, followed by five years of supervised release. [*Id.* at 2-3.] Movant did not appeal. [*Id.* at 3.]

In his § 2255 motion, executed on October 4, 2021, Movant claims that (1) he "was coerced and/or induced to plead guilty under duress" because he "was placed in solitary confinement until he agreed to plead guilty," (2) his attorney "performed inadequately," and (3) he was improperly sentenced. [Doc. 101 at 1-4.] Movant asks the Court "to convert his [arson] sentence to run concurrent with his [armed carjacking] sentence." [*Id.* at 4.][2]

---

[2]     Movant previously filed a motion for sentence reduction, [Doc. 92], to which the Government filed a response in opposition, [Doc. 97]. The District Court notified Movant that his § 2255 motion supersedes his motion for sentence reduction. [Doc. 98 at 5 n.4.]

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f).  The one-year period runs from the latest of the dates on which (1) Movant's conviction became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims.  *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had ten business days in which to appeal his conviction after he was sentenced on August 11, 1997.  *See* Fed. R. App. P. 4(b)(1)(A)(i) & 26(a) (1997).  Movant did not appeal, and the period in which to do so expired on August 26, 1997.  Thus, Movant's conviction became final on that

date, and the one-year statute of limitations expired on August 26, 1998.[3] Movant executed his § 2255 motion more than twenty-three years late, on October 4, 2021.

Movant fails to show that (1) the circumstances set forth in § 2255(f)(2)-(4) apply, (2) he is entitled to equitable tolling,[4] or (3) he is actually innocent.[5] Therefore, the undersigned **RECOMMENDS** that the § 2255 motion, [Doc. 101], be **DISMISSED** as untimely.[6]

---

[3] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[4] "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[5] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

[6] "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (per curiam) ("[T]he principles developed in habeas cases also apply to § 2255 motions.") (citation omitted). "[B]efore acting on its own initiative,

## II.     Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that

---

a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210.  The opportunity to object to this Final Report and Recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the case. *See also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (per curiam) (holding that district court "did not abuse its discretion when it dismissed [a] § 2254 petition [as untimely] without ordering the [respondent] to respond").

> jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the § 2255 motion, [Doc. 101], be **DISMISSED** as untimely, (2) a COA be **DENIED**, and (3) civil action number 1:21-cv-4175-SDG-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to the undersigned.

IT IS SO RECOMMENDED AND DIRECTED, this 23rd day of November, 2021.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE